IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION (COLUMBUS)

| | | |
|---|---|---|
| Ryan P. Hanson, M.D. | : | |
| 2035 Iuka Avenue | : | |
| Columbus, OH 43201 | : | Case No. |
| | : | |
|     Plaintiff, | : | Judge |
| | : | |
| v. | : | |
| | : | Magistrate Judge |
| The Ohio State University | : | |
| Student Health Services | : | |
| 1875 Millikin Road | : | **JURY DEMAND ENDORSED HEREON** |
| Columbus, OH 43210 | : | |
| | : | |
|     Defendant. | : | |

## COMPLAINT

Now comes Plaintiff Ryan P. Hanson, M.D. (hereafter "Plaintiff"), by and through undersigned counsel, and for his Complaint against Defendant The Ohio State University Student Health Services ("Defendant") states and avers as follows:

**PARTIES**

1. Plaintiff, a Caucasian male, is a resident of the State of Ohio, County of Franklin.

2. Defendant is a public university whose main campus is located in Franklin County, Ohio.

3. At the time of his termination on July 12, 2019, Defendant had employed Plaintiff for 20 years.

**JURISDICTION AND VENUE**

4. Jurisdiction of this Court is invoked pursuant to 42 USC Section 2000e-5(f)(3), 42 USC Section 12101 et seq., and 28 USC Section 1331, as well as this Court's power to assert

supplemental jurisdiction over state claims. Plaintiff has satisfied all pre-requisites for filing suit, including but not limited to obtaining Notices of Suit Rights from the Equal Employment Opportunity Commission dated May 11, 2020.  A copy of the "Notice" is attached hereto as Exhibit "A".

5. The unlawful discrimination and employment practices alleged herein were committed within the State of Ohio, in the Southern District, Eastern Division of this Federal Court.

6. At all relevant times hereto Plaintiff worked for the Defendant in Franklin County, Ohio which is the County in which the Defendant conducted the activity which gave rise to Plaintiff's claims for relief and the County in which all or part of Plaintiff's claims arose.

7. At all times pertinent hereto, Defendant was an "employer" within the meaning of the Ohio Revised Code Section 4112.01 and Title VII of the Civil Right Act of 1964, as amended, 42 USC Section 2000(e)(d).

**FACTUAL ALLEGATIONS**

8. Since September 1999, Dr. Hanson was successfully employed as a Doctor by Defendant The Ohio State University Student Health Services. He served in that capacity for 20 years.

9. On or about December 13, 2018, at the end of the day, Plaintiff was called into a meeting with the Director of Student Health and two representatives from Student Life Human Resources.

10. During that meeting, Plaintiff was informed that a patient had responded to a question on a survey prompting the need for an investigation.

11. The surveys prepared by Defendant were randomly sent to a sampling of students who have used our services the previous semester.

12. A patient allegedly completed a survey as a result of that sampling. The particular patient that had completed the survey had never been treated by Plaintiff while he worked for the Defendant.

13. Defendant failed to share the actual student response with Plaintiff. As of today, Plaintiff has never seen the student complaint.

14. Following that meeting, Plaintiff was placed on administrative leave by the Defendant.

15. On or around January 16, 2019, Plaintiff had a meeting with two Human Resource personnel, Andrea Gintert and Christina Cunningham. During the meeting Defendant employees Gintert and Cunningham questioned Plaintiff regarding his knowledge of this patient. Plaintiff responded that he never performed any services for this patient.

16. At the end of January, 2019, Defendant informed Plaintiff that he needed to fill out paperwork regarding renewal information for malpractice coverage for the University Self Insurance Program. Plaintiff completed the paperwork of the University Self Insurance Program.

17. While completing the University Self Insurance Program application, in response to the question regarding whether Plaintiff had been the subject of sexual misconduct accusations, Plaintiff responded no.

18. On February 21, 2019, Plaintiff met with an investigator from the State Medical Board. During that meeting, Plaintiff and the investigator discussed the student allegation, the substance of which was not shared with Plaintiff. Plaintiff explained that he had not treated that patient. Plaintiff further explained he had not worked in private practice for more than almost 20

years. Plaintiff informed the investigator that he worked in private practice part-time from July of 1998 to May of 1999 (just 10 months). Plaintiff met with the investigator for 45 minutes.

19. In April, 2019, Plaintiff was informed by Defendant that once it received findings from the State Medical Board closing his file, Plaintiff would be able to return to work. The State Medical Board Investigation was stalled by larger cases which plagued the state including allegations against a physician at Mt. Carmel who had allegedly assisted in the death of multiple patients.

20. In May, 2019, Plaintiff received a certified letter from Defendant indicating that they would not be renewing his insurance coverage. There was no explanation in the letter.

21. Finally, in a letter dated July 10, 2019, Defendant indicated regarding the alleged report regarding Dr. Hanson by the student that "the reported information did not fall within the purview of the university's Sexual Misconduct Policy.

22. On July 12, 2019, Plaintiff was terminated. After inquiry, Plaintiff was informed that he was terminated for responding "no" on the insurance form in response to a question regarding sexual misconduct. However, Plaintiff had not been accused of sexual misconduct and the university had concluded in its own letter that such actions did not fall within the policy.

23. Further, complaints made by females regardless of foundation or substance are automatically considered sexual misconduct claims. Further, had Plaintiff been a female, there would have been no investigation as soon as it was revealed that like Plaintiff, the complainant had never even been examined by a female physician.

**FIRST CAUSE OF ACTION – TITLE VII – REVERSE GENDER DISCRIMINATION**

24. Plaintiff hereby incorporates all of his allegations set forth above as if fully rewritten herein.

25. Defendant's only reason for the termination of Plaintiff was his status as a member of the majority, a male.

26. Defendant hired a female to replace Plaintiff.

27. The facts and circumstances indicate that Defendant is a rare employer who discriminates against the majority in favor of a protected class, in this class females. To be sure the Defendant determined itself that the complaint did not fall within the purview of their "Sexual Misconduct Policy" and Plaintiff answered accordingly. Defendant had no legitimate reason for terminating Plaintiff.

28. Defendant acted with malice and/or reckless malfeasance to Plaintiff's protected rights and for such willful conduct, Defendant is liable for punitive damages.

29. As a direct and proximate result of Defendant's conduct set forth above, Plaintiff has suffered damages including, but not limited to, emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, lost wages and income and other benefits to which he was entitled in an amount to be determined at trial.

**SECOND CAUSE OF ACTION – VIOLATION OF OHIO'S PUBLIC POLICY**

30. Plaintiff hereby incorporates all of his allegations set forth above as if fully rewritten herein.

31. Clear public policy existed at all times material herein and was manifested in the federal constitution, federal statute, the Ohio constitution, the Ohio Revised Code criminal statutes and the Ohio Administrative Code including the Fifth Amendment as well as Ohio's perjury statutes. To be sure, the Defendant itself determined that the complaint regarding Plaintiff was not a sexual misconduct claims as it did not fall within that policy. Despite this, Defendant claimed Plaintiff had lied.

32. Plaintiff's termination jeopardizes the public policies outlined above.

33. Plaintiff's termination was motivated by conduct related to the public policies set forth herein. Specifically, Defendant's claim that it terminated Plaintiff for lying on his insurance application, wherein he responded that he had not been accused of any sexual misconduct. At the same time, Defendant failed to reveal the claim made by the complainant patient other than delivery of a painful and unnecessary pelvic examination.

34. Defendant lacks a legitimate business justification for the termination.

35. As a result of Defendant's discrimination in the payment of wages to Plaintiff, Plaintiff has suffered compensatory damages including, but not limited to, emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, lost wages, income and other benefits to which he was entitled in an amount to be determined at trial.

**WHEREFORE,** Plaintiff Ryan P. Hanson, M.D. prays for judgment against Defendant The Ohio State University Student Health Services on all counts for compensatory and punitive damages, including but not limited to emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, lost wages and income, and other benefits to which he is entitled, an amount to be determined at trial and an award of Plaintiff's costs and reasonable attorney fees incurred relating to this action; ALL TOGETHER WITH such other relief as may be just, necessary and proper.

Respectfully submitted,

**KEMP, SCHAEFFER, & ROWE CO., L.P.A.**

By: /s/ Erica Ann Probst
Erica Ann Probst  #0073486
Attorney for Plaintiff
88 West Mound Street
Columbus, Ohio  43215
(614) 224-2678
(614) 469-7170 (fax)
Email: Erica@ksrlegal.com

## JURY DEMAND

Now comes Plaintiff, by and through counsel, and hereby demands that a jury hear the above case.

                              Respectfully submitted,

                              **KEMP, SCHAEFFER, & ROWE CO., L.P.A.**

                              By:   /s/ Erica Ann Probst
                                      Erica Ann Probst  #0073486
                                      Attorney for Plaintiff
                                      88 West Mound Street
                                      Columbus, Ohio  43215
                                      (614) 224-2678
                                      (614) 469-7170 (fax)
                                      Email: Erica@ksrlegal.com

U.S. Department of Justice
Civil Rights Division

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

VIA EMAIL

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson , EMP, PHB, Room 4701*
*Washington, DC 20530*

May 11, 2020

Dr. Ryan P. Hanson
c/o Erica A. Probst, Esquire
Law Offices of Kemp, Schaeffer & Rowe
88 West Mound Street
Columbus, OH  43215

Re:  EEOC Charge Against Ohio State University Student Health Services
     No. 532201902957

Dear Dr. Hanson:

    Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

    If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

    The investigative file pertaining to your case is located in the EEOC Cleveland District Office, Cleveland, OH.

    This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

                                   Sincerely,

                                  Eric S. Dreiband
                          Assistant Attorney General
                             Civil Rights Division

              by      /s/ Karen L. Ferguson
                           Karen L. Ferguson
                    Supervisory Civil Rights Analyst
                     Employment Litigation Section

cc: Cleveland District Office, EEOC
  Ohio State University Student Health Services

                                 Exhibit "A"